**MERIDAN CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Aug. 24, 1964.

Coudert Brothers, New York City, F. Earl Suits, Emilio A. Dominianni, New York City, of counsel, for plaintiff, Meridan Corp.

Harvey R. Blau, Asst. U. S. Atty., New York City, for defendant, United States.

CANNELLA, District Judge.

Motion for summary judgment pursuant Rule 56, Federal Rules of Civil Procedure, made by the plaintiff in a suit brought for the refund of allegedly excessive taxes collected, is denied.

This is an income tax refund action commenced by the plaintiff by the filing of a complaint in which the plaintiff seeks the return of $111,516.10. The basis of plaintiff's complaint and its motion for summary judgment, is that the defendant erroneously included in plaintiff's income for the year 1953 the sum of $214,454.04. The inclusion of this amount in plaintiff's 1953 income reduced its net operating loss carryover for the year 1955 to such an extent that the plaintiff was required to pay the sum of $111,516.10 as unpaid taxes. In its claim for refund filed with the Internal Revenue Service, a copy of which is annexed to the complaint, plaintiff in seeking the remedy it seeks herein, was denied the refund on two grounds. First, that the net operating loss deduction taken by the plaintiff in the year 1955 was not allowable since the plaintiff could not deduct net operat-

588

ing loss carryovers from the years 1950 and 1953, and secondly, that the sum of $214,454.04 should be included in plaintiff's income for the year 1953. If the plaintiff fails to win on either of these grounds, it is not entitled to a refund.

The court finds that as to the net operating loss carryovers as a deduction, the decision of Metzner, J. dated May 11, 1964, to be the law of this case.

 The court also finds that there are a number of genuine issues as to material facts. These include, but are not limited to the following:

1. Whether the forgiveness of the royalties owed to the Sils Corporation by plaintiff's predecessor was gratuitous and therefore a tax-exempt contribution to capital. Helvering v. American Dental Company (1942), 318 U.S. 322 at 331, 63 S.Ct. 577, 87 L.Ed. 785. While there has been some movement away from American Dental's concentration upon gratuity rather than donative intent as the test, still, "the situation in each transaction is a factual one." Commissioner v. Jacobson (1948), 336 U.S. 28 at 51, 69 S. Ct. 358, at 370, 93 L.Ed. 477.

2. Whether the merger of Flax Processing and Linen Company, with Flex-O-Tube Corporation, into Meridan Corporation, had as its principal purpose the avoidance of Federal Income Taxes through the securing of tax benefits which could not otherwise be enjoyed. Internal Revenue Code 1939, § 129(a), 1954, § 269(a). If such avoidance is found to be the principal purpose of the merger, the net operating loss carryover plaintiff claims in his return, may not be allowed.

3. Whether Flax was engaged in business immediately prior to the merger and whether plaintiff, merger survivor, has carried on a trade or business "substantially the same" as Flax had, prior to the merger. Internal Revenue Code 1939, § 122(b)(2)(C); 1954, § 382 (a)(1)(C); Mertens Law of Federal Income Taxation, Vol. 5 § 29.11(a)(b)(d) and (e). The test for substantial similarity is "continuity of business enter-

prise" and the deductability of net operating loss carryovers from the income of the survivor corporation, depends upon proof of such continuity. Libson Shops, Inc. v. Koehler (1956), 353 U.S. 382 at 386, 77 S.Ct 990, 1 L.Ed.2d 924. This is true even where "the surviving corporation seeking the deduction is the same corporation that incurred the losses". Julius Garfinckel & Company, Inc. v. Commissioner (1964), 2 Cir., 335 F.2d 744, 749.

4. The deposition of Robert Cavin, President of plaintiff, as corrected and altered demonstrates that an issue of credibility has been raised by the plaintiff. Arnstein v. Porter, 2 Cir., 154 F.2d 464.

So ordered.